UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILFREDO MARIBONA,

    Plaintiff,

v.                              CASE NO:

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP, ("Walmart"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Collier County, Florida, Case No. 2022-CA-000129, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1. On or about January 25, 2022, Plaintiff commenced this action by filing a Complaint against Walmart in the 20th Judicial Circuit Court in and for Collier County, Florida. *See* Pl.'s Compl. attached as Ex. "A." The Complaint was served on Walmart on February 2, 2022.

2. Plaintiff, WILFREDO MARIBONA, alleges a claim for negligence against Walmart as a result of injuries he allegedly sustained on January 12, 2021

when he slipped on a painted stop bar in the parking lot of the Walmart store located at 9885 Collier Blvd. in Naples, Florida.

3. Specifically, the Plaintiff alleges he slipped and fell because of Walmart's negligence and failure to exercise reasonable care. *See* Ex. "A" at ¶ 9.

4. Plaintiffs' Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

5. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Collier County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "B."

6. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.   REMOVAL IS TIMELY

7. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Answers to Defendant's Interrogatories. Plaintiff's Answers to Defendant's Interrogatories is the first "other paper" received after the filing of this action, from which it could be ascertained that the case is one which was removable. The thirty (30) day period commenced on March 21, 2022, when Plaintiff served Walmart with the Plaintiff's Answers to Defendant's Interrogatories.

8. Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Collier County, where Plaintiff filed his state court Complaint against Walmart, is located within the Middle District of Florida.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

9. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

10. Wal-Mart Stores East, LP, was at the time of the alleged incident, and is currently, a Delaware limited partnership.

11. WSE Management, LLC is the general partner and WSE Investments, LLC, is the limited partner of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are Delaware limited liability companies.

12. The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, an Arkansas Limited Liability Company.

13. The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

14. Wal-Mart Stores, Inc. is a Delaware corporation that is a publically traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

15. The principal place of business for all of the above entities (Wal-Mart Stores East, L.P., WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores East, LLC, and Wal-Mart Stores, Inc.,) is and was at the time of the filing of the Complaint, Bentonville, Arkansas.

16. Hence, Defendant, Wal-Mart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

17. Plaintiff is a citizen of the State of Florida residing in Collier County, Florida. Plaintiff is a not a citizen of Delaware or Arkansas. *See* Ex. "A" at ¶ 2.

18. Although Plaintiff's Complaint does not specifically state Plaintiffs' citizenship, the 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005).

19. Plaintiff's Complaint states that he is a resident of Collier County, Florida. *See* Ex. "A" at ¶ 2.

20. Further, in his sworn Answers to Interrogatories, Plaintiff identifies his true fixed permanent home as Naples, Florida 34120. *See* Plaintiff's Answers to Interrogatories attached hereto as Ex. "C".

21. Plaintiffs' domicile in Collier County, Florida is equivalent to his citizenship for purposes of establishing diversity. McCormick at 1257.

22. Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV. AMOUNT IN CONTROVERSY

23. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

24. Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "damages that exceed Thirty Thousand Dollars ($30,000.00)" (Ex. A, ¶1) – a review of the full Complaint, Plaintiff's Answers to Defendant's Interrogatories, and medical records received to date indicate that the claimed amount in controversy exceeds $75,000.

25. Plaintiff alleges in his Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff WILFREDO MARIBONA suffered "bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, and an aggravation of pre-existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." Ex. "A," ¶10.

26. According to Plaintiff's Answers to Defendant's Interrogatories, Plaintiff has incurred a fractured left femur and lower back injury resulting in medical bills in excess of $137,124.92. *See* Ex. "C".

27. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, Plaintiff's Answers to Defendant's Interrogatories as well as a review of Plaintiff's Complaint and consideration of the injuries alleged, Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.

28. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

29. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a

district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).

30. Based upon the allegations in the Complaint, Plaintiff's alleged injuries, and Plaintiff's Answers to Defendant's Interrogatories, the amount in controversy exceeds the requisite $75,000.00. The medical bills alone exceed $137,124.92. This does not take into account Plaintiff's alleged future compensatory damages, nor Plaintiff's past and future non-compensatory damages – suffered "bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and an aggravation of pre-existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." Ex. "A," ¶10.

31. Thus, considering all of the information, the matter exceeds the $75,000 amount-in-controversy requirement. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice."

*Stephenson v. Amica Mutual Insurance Company*, 2014 WL 4162781 (M.D. Fla. Aug. 21, 2014).

## V. CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Collier County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2022-CA-000129, on the docket of the Court for the 20th Judicial Circuit in and for Collier County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

**/s/Amanda J. Sharkey Ross**
Amanda J. Sharkey Ross
Madison A. Tanner

HEREBY CERTIFY that on April 15, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Malcolm A. Purow, Esquire
Florida Bar No. 282790
Kelleher Law, P.A.
P.O. Box 3218
Naples, Florida 34106
Telephone: 239-302-4400
mpurow@jimforjustice.com
roslick@jimforjustice.com

**/s/Amanda J. Sharkey Ross**
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MADISON A. TANNER
Florida Bar No. 1011247
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone:  239.344.1263
Fax:  239.344.1539
Amanda.ross@henlaw.com
tracey.salerno@henlaw.com
madison.tanner@henlaw.com
susan.peters@henlaw.com