IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

WILFREDO MARIBONA,

    Plaintiff,

v.                                                Case No. 2022-CA-000129

WALMART STORES EAST, LP,

    Defendant.
_____/

## DEFENDANT WALMART STORES EAST, LP'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

COMES NOW, the Defendant, WALMART STORES EAST, LP, by and through its undersigned counsel, and for answer to Plaintiff's Original Complaint and Demand for Jury Trial, states as follows:

1. Admit for jurisdiction, deny any inference therefrom.
2. Unknown and therefore denied.
3. Admit.
4. Admit.
5. Admit.
6. Admit.
7. Admit Defendant owed a duty pursuant to Florida law.
8. Denied, including all subparts.
9. Denied.
10. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant alleges that the sole and proximate cause of the damages alleged by Plaintiff was the carelessness and negligence of Plaintiff, or in the alternative, the carelessness and negligence of Plaintiff contributed to the cause of the accident, such that the negligence of all the parties, if any, should be compared.

2. Defendant alleges that any negligence of the Defendant, if any, was not the legal cause of any injuries allegedly suffered by the Plaintiff. By this affirmative defense, Defendant is in no way admitting to negligence on its part.

3. Defendant is entitled to a set-off of any contractual discount of medical bills or expenses, negotiated write-offs of medical bills or expenses, or negotiated agreements to pay medical bills or other expenses in the future, pursuant to the law of collateral source set-offs and Goble v. Frohman, 848 So.2d 406 (Fla. 2d DCA 2003). Alternatively, Plaintiff is not entitled to claim bills, costs, or expenses incurred but waived or not actually incurred by the Plaintiff.

4. Defendant affirmatively alleges that pursuant to Fla. Stat. §768.81, Plaintiff's damages were caused all or in part by other persons or entities over whom Defendant had no control, pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla. 1993) and Florida Statute §768.81.

5. Defendant alleges that Plaintiff has received payment from collateral sources.

6. The injuries and damages alleged by Plaintiff are the result of pre-existing medical conditions, and, accordingly, Defendant has no responsibility or liability for Plaintiff's claimed damages.

7. Defendant alleges that any recovery should be reduced or barred by Plaintiff's failure to mitigate the damages alleged in one or more of the following ways:

> A) Failure to promptly obtain medical treatment;
>
> B) Failure to obtain proper medical treatment;
>
> C) Failure to follow medical advice;
>
> D) Failure to keep appointments.

8. The Plaintiff's recovery for medical damages is limited to only those medical expenses for which the Plaintiff has become liable; the Plaintiff may not blackboard the total amount of medical bills charged by medical providers where such providers accepted as full payment less than the actual charges. Cooperative Leasing, Inc. v. Johnson, 872 So.2d 956 (Fla. 2d DCA 2004).

9. At all times material, there was a lack of actual and/or constructive notice and or/insufficient notice to the Defendant of any alleged dangerous condition as alleged by Plaintiff; and therefore, Defendant had a lack of opportunity to correct same.

10. At all times material Defendant had no actual or constructive notice of any alleged dangerous condition, therefore Defendant had no duty to warn Plaintiff of same.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues triable as of right by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the E-Filing Portal System which will send a notice of electronic filing to the following:

Malcolm A. Purow, Esquire
Kelleher Law, P.A.
P.O. Box 3218
Naples, FL 34106
Tel: 239.302.1400
Fax: 239.785.1685
mpurow@jimforjustice.com
roslick@jimforjustice.com
Attorney for Plaintiff

this 22nd day of February, 2022.

                HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
                Attorneys for Defendant, Walmart Stores East, LP
                Post Office Box 280
                1715 Monroe Street
                Fort Myers, FL 33902-0280
                Telephone: 239.344.1249
                Facsimile: 239.344.1542

                By: /s/ Amanda J. Ross
                      AMANDA J. ROSS, ESQUIRE
                      Florida Bar No. 598666
                      amanda.ross@henlaw.com
                      tracey.salerno@henlaw.com
                      MADISON A. TANNER, ESQUIRE
                      Florida Bar No. 1011247
                      madison.tanner@henlaw.com
                      susan.peters@henlaw.com